IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**DUANE ALLEN FOWLKES,**<br><br>Defendant. | Case No. CR14-0103<br><br>**ORDER FOR PRETRIAL DETENTION** |

On the 23rd day of September, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Ravi T. Narayan. The Defendant appeared personally and was represented by his attorney, John L. Lane.

## I. RELEVANT FACTS AND PROCEEDINGS

On September 10, 2014, Defendant Duane Allen Fowlkes was charged by Indictment (docket number 5) with conspiracy to manufacture methamphetamine (Count 1) and possession of a firearm by an unlawful user of a controlled substance (Count 2). At the arraignment on September 19, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on November 17, 2014.

Investigator Matt Cummings of the Cedar Rapids Police Department, who is currently assigned to the narcotics unit, testified regarding the circumstances underlying the instant charges. On November 1, 2013, authorities were called to the home where

Ronald Fowlkes, Mandy Fowlkes, and Duane Fowlkes were living. Ronald is Duane's father and is married to Mandy.[1] Also living at the home were four minor children.

A fire investigator called to the scene told law enforcement officers that the suspected cause of the fire was the manufacture of methamphetamine. Ronald consented to a search of the house, and officers found numerous items consistent with the manufacture of methamphetamine in the basement. A search of Defendant's bedroom revealed items consistent with methamphetamine manufacture and use, and a pump shotgun. Defendant later told investigators that the shotgun belonged to him and had been retrieved by Mandy from a pawn shop earlier that day.

Text messages retrieved from Ronald's phone showed communications between Defendant and Ronald. Government's Exhibit 1, consisting of six pages of selected messages, suggest Defendant and Ronald were engaged in the manufacture of methamphetamine. Defendant's "pseudo-logs" also showed frequent pseudoephedrine purchases. Defendant told authorities that he purchased pseudoephedrine twice each month for his colds and allergies. On November 9, 2013 (after the fire), Defendant purchased additional pseudoephedrine. He attempted to purchase more pseudoephedrine on November 10, but was blocked because his purchases exceeded the allowable amount in the previous 30 days.

Defendant is 22 years old. He was born in Virginia, but has lived in eastern Iowa most of his life. His father resides in Cedar Rapids and his mother resides in Oelwein, where he was raised. Defendant has seven siblings who reside in Iowa. Defendant does not maintain contact with his parents or with any of his siblings, save one. Prior to his arrest, Defendant was residing with his aunt and uncle in Quasqueton, Iowa.

---

[1] Ronald and Mandy are also co-defendants in this case.

Defendant has been unemployed for the past two weeks. Prior to that time, he worked for approximately six months at Paltech Enterprises. Prior to that, he worked at at least five other companies. Defendant told the pretrial services officer that if he was released, he could obtain employment with his uncle's construction company.

Defendant is in good health and has no history of mental or emotional health issues. Defendant admitted that he formerly consumed alcohol to the point of intoxication, but denied that he still drinks to that extent. Defendant told the pretrial services officer that he first used methamphetamine when he was 21 years old and last used on November 1, 2013 (the date of the fire). Defendant successfully completed an inpatient substance abuse treatment program in 2011, and participated in an outpatient substance abuse treatment program in 2012, but was unable to complete the treatment due to his incarceration.

Defendant has an active prior criminal record. Although he is only 22 years old, he has 20 convictions, including assault or fighting (six times), OWI (twice), public intoxication (twice), criminal mischief (twice), interference with official acts (twice), harassment in the first degree, child endangerment, operating a motor vehicle without the owner's consent, and animal abuse. Many of the crimes occurred while Defendant had other charges pending, was on probation, or was on parole.

On January 3, 2012, Defendant's probation following his conviction for harassment in the first degree was modified after Defendant was convicted of additional offenses. Eleven days later, however, Defendant was charged and later convicted of six additional offenses. His probation was revoked and he was sent to prison on the additional charges. Defendant was paroled on June 6, 2012, but his parole was revoked after he was convicted of three additional charges of fighting or assault.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the

United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

## A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

4

A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v.*

*Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture methamphetamine and possession of a firearm by an unlawful user of a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

There is a rebuttable presumption that Defendant should be detained pending trial. The weight of the evidence against Defendant is strong. Defendant does not have stable employment. Defendant has a history of drug and alcohol abuse. Defendant has an extensive criminal record, including six convictions for violent offenses. Defendant committed additional crimes while on probation or parole. There is no reason for the Court to believe that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 19, 2014) to the filing of this Ruling (September 23, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 23rd day of September, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA